# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL SMITH,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CIVIL ACTION NUMBER:** |
| ) | |
| **PNC BANK, NATIONAL** ) | |
| **ASSOCIATION, PAR NORTH** ) | |
| **AMERICA INC.** ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff Michael Smith in the above-styled cause hereby files his Complaint against the Defendants as follows:

## PARTIES

1. The Plaintiff, Michael Smith, is a resident and citizen of Houston County in the State of Alabama and is over the age of twenty-one (21) years.

2. The Defendant, PNC Bank, National Association ("PNC"), is a foreign corporation that was, in all respects and at all times relevant herein, doing business in the State of Alabama, and is registered to do business in Alabama.

3. The Defendant, PAR North America Inc. ("PAR"), is a foreign corporation organized under the laws of the State of Indiana that was, in all respects and at all

1

times relevant herein, doing business in the State of Alabama.

4. Defendant PAR is engaged in the business of collecting consumer debts by using non-judicial self-help action in the repossession of automobiles from consumers residing in Houston County, Alabama and is a "debt collector," as that term is defined by the FDCPA 15 U.S.C. § 1692a (6).

5. Upon information and belief, the original debt was a consumer debt and incurred primarily for personal, family, or household purposes.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331, and § 1367. Venue is proper in that the Defendants transacted business here and the Plaintiff resides here.

## FACTUAL ALLEGATIONS
### Defendants' Business Model

7. Upon information and belief, Defendant PNC provides automobile financing for consumers such as Plaintiff.

8. As part of its business, PNC contracts with Defendant PAR to recover consumer vehicles in which Defendant PNC claims a possessory interest following a default.

9. Upon information and belief, this agreement states that Defendant PAR will provide services including locating a vehicle that PNC alleges to have a possessory

interest, the physical recovery of the vehicle, and the care of the vehicle post-recovery.

10. Defendant PNC pays Defendant PAR per recovery. This pay structure creates an incentive to recover as many vehicles as possible.

11. Defendants PNC and PAR maintain control over the recovery process and maintain control over the vehicles taken through that process.

12. In turn, Defendant PAR contracts with local repossession companies to assist in the services it has agreed to do on behalf of Defendant PNC.

13. Upon information and belief, Defendant PAR pays the local repossession company per recovery. This pay structure also creates an incentive to recover as many vehicles as possible.

14. Upon information and belief, Defendant PAR maintains control over the recovery process by requiring compliance from the local repossession company with Defendant PAR's policies, procedures, insurance requirements, training, etc. and also maintains control over the vehicle.

<b><u>Facts that are Specific to this Case</u></b>

15. Upon information and belief, Plaintiff and Defendant PNC entered into a secured financing agreement for the Plaintiff's purchase of a 2019 Kia Sportage (the "Vehicle").

16. The last four (4) digits of the Plaintiff's account number with PNC are 1893.

17. At some point, Plaintiff was involved in a wreck with an 18-wheeler and, subsequently, fell behind on payments to Defendant PNC.

18. In or around October 2022, Plaintiff contacted Defendant PNC and Plaintiff and Defendant PNC entered into a hardship agreement that altered the payment amounts and payment schedule from the original financing agreement.

19. On November 14, 2022 Plaintiff received a letter from Defendant PNC dated November 2, 2022.

20. The November 2, 2022 letter outlined three (3) monthly payments of $277.31 in accordance with the hardship agreement that Plaintiff agreed upon. However, the letter stated the first payment would be due on September 10, 2022, a date two months prior to the date of PNC's letter to Plaintiff.

21. Plaintiff contacted Defendant PNC regarding the confusion with the payment due dates and was told by a representative of PNC to just make the three (3) monthly payments and they would be applied as September, November, and December.

22. Plaintiff made the payments as agreed, and in fact, paid more than the agreed upon payments.

23. As such, Plaintiff was not in default of the agreement.

24. However, at some point, Defendant PNC contracted with Defendant PAR

and an unknown local repossession entity to take possession of the Vehicle.[1]

25. On December 2, 2023, Defendant PNC and Defendant PAR took physical possession of the Vehicle from Plaintiff in Houston County, Alabama through their local repossession entity.

26. When Plaintiff noticed the Vehicle was missing, Plaintiff contacted Defendant PNC to discuss the account and how to obtain the Vehicle.

27. Defendant PNC required Plaintiff to pay an alleged arrearage, repossession fees, storage fees, and other miscellaneous fees in order to regain possession of the Vehicle.

28. Plaintiff was compelled to pay the fees Defendant PNC required to get the Vehicle back.

29. Plaintiff regained possession of the Vehicle.

30. Upon regaining possession, Plaintiff noticed that the Defendants, namely the local repossession company, damaged the vehicle or allowed it to be damaged while it was in their custody and control.

31. The damage includes scratches to the exterior, damage to the skid plate, and damage to the transmission which harmed and diminished the value of the Vehicle.

---

[1] The legal name of this repossession entity is not known at this time. Plaintiff intends to add this entity as an additional defendant when the name of the entity is ascertained.

## COUNT ONE
## NEGLIGENCE CLAIM AGAINST ALL DEFENDANTS

32. The Defendants were under a duty to implement reasonable procedures to ensure that cars are not taken from consumers like the Plaintiff when there is no present right to take possession.

33. The Defendants were under a duty to not damage vehicles in their possession.

34. The Defendants breached these duties.

35. As a proximate cause of Defendants' negligence, the Vehicle suffered damage, Plaintiff was deprived of the Vehicle, suffered out of pocket monetary losses, suffered embarrassment, shame, anxiety, metal distress, and other physical and mental damages.

36. These damages were or should have been foreseeable to the Defendants.

## COUNT TWO
## WANTONNESS CLAIM AGAINST ALL DEFENDANTS

37. Defendants, with reckless disregard of the natural or probable consequences of their actions, acted in a manner that resulted in the unlawful taking of the Vehicle and damage to the Vehicle.

38. Defendants knew, or should have known, that their actions would likely or probably result in injuries such as those sustained by Plaintiff.

39. As a proximate cause of Defendants' conduct, the Vehicle suffered damage, Plaintiff was deprived of the Vehicle, suffered out of pocket monetary losses,

suffered embarrassment, shame, anxiety, metal distress, and other physical and mental damages.

## COUNT THREE
## CONVERSION CLAIM AGAINST ALL DEFENDANTS

40. The Plaintiff was the owner and/or was in lawful control of the Vehicle.

41. The Defendants did not have a present and immediate right of possession of the Vehicle at the time of repossession.

42. Without the Plaintiff's consent, the Defendants intentionally deprived the Plaintiff of his rightful possession of the Vehicle.

43. At all times relevant hereto, the Defendants acted with malice, recklessness, and total and deliberate disregard for the contractual and personal rights of the Plaintiff.

44. As a proximate cause of Defendants' conduct, the Vehicle suffered damage, Plaintiff was deprived of the Vehicle, suffered out of pocket monetary losses, suffered embarrassment, shame, anxiety, metal distress, and other physical and mental damages.

## COUNT FOUR
## FDCPA CLAIM AGAINST DEFENDANT PAR

45. The Defendant PAR has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act.

46. Defendants took non-judicial action to effect dispossession of the Vehicle

without a present right of possession in violation of 15 U.S.C. § 1692f (6);

47. As a proximate cause of Defendant's conduct, the Vehicle suffered damage, Plaintiff was deprived of the Vehicle, suffered out of pocket monetary losses, suffered embarrassment, shame, anxiety, metal distress, and other physical and mental damages.

## COUNT FIVE
## BREACH OF CONTRACT AGAINST DEFENDANT PNC

48. Plaintiff and Defendant PNC entered into a hardship agreement regarding the amount of payments and the due dates of payments for the Vehicle.

49. Plaintiff made the payments as agreed and even paid more than the agreed upon amount.

50. PNC breached the agreement by repossessing Plaintiff's Vehicle despite Plaintiff having performed under the terms of the agreement.

51. As a result, Plaintiff was harmed.

## COUNT SIX
## FRAUD

52. PNC's agents or employees intentionally, recklessly or mistakenly made false statements regarding important facts that caused Plaintiff harm.  Specifically, Defendant misrepresented that the hardship agreement that Plaintiff agreed to, namely different payment amounts and due dates, would keep the Plaintiff's account current such that the Vehicle would not be repossessed.

53. Defendant knew or should have known of the falsity of these statements at the time they were made to Plaintiff.

54. These false statements were made recklessly, mistakenly or with an intent to deceive the Plaintiff and induce him to act to his detriment.

55. When these false statements were made, Plaintiff did not know they were false.

56. Plaintiff reasonably relied and acted upon these false statements and, as a result, suffered harm.

## AMOUNT OF DAMAGES DEMANDED

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands a judgment against the Defendants as follows:

I. Compensatory and punitive damages against the Defendants;

II. Remedies available under the FDCPA against Defendant PAR, including statutory damages, costs and attorneys' fees and any other compensatory damages pursuant to 15 U.S.C.§1692k; and,

III. Such other and further relief that this Court deems necessary, just and proper.

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

                                  /s/ *W. Whitney Seals*
                                  W. WHITNEY SEALS
                                  Attorney for Plaintiff

**OF COUNSEL:**
**COCHRUN & SEALS, LLP**
P. O. Box 10448
Birmingham, AL 35202-0448
T: (205) 323-3900
F: (205) 323-3906
E: filings@cochrunseals.com

                                /s/ *John C. Hubbard*
                                  JOHN C. HUBBARD
                                  Attorney for Plaintiff

**OF COUNSEL:**
**JOHN C. HUBBARD, LLC**
PO Box 953
Birmingham, AL 35201
T: (205) 410-6491
E: jch@jchubbardlaw.com

**PLAINTIFF'S ADDRESS:**
Mr. Michael Smith
c/o Plaintiff's Counsel
Cochrun & Seals, LLC
P. O. Box 10448
Birmingham, AL 35202-0448

**PLEASE SERVE THE DEFENDANTS VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED AT THE FOLLOWING ADDRESSES**:

**PNC BANK, NATIONAL ASSOCIATION**
c/o Registered Agent
Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104

**PAR NORTH AMERICA, INC.**
c/o Registered Agent
Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104